# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 19-364 JAK (MRW) | Date | May 21, 2019 |
| Title | Lucas v. L.A. County DPSS | | |

Present: The Honorable **Michael R. Wilner**

| Veronica Piper | n/a |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| None present | None present |

**Proceedings:** ORDER TO SHOW CAUSE RE: FAILURE TO UPDATE MAILING ADDRESS

1. Plaintiff is a <u>pro se</u> litigant in this federal action. When the Court recently issued an order (screening an amended complaint) to Plaintiff's current address of record, the post office returned the item as undeliverable. (Docket # 26, 27.) The notice on the outside of the envelope read "Return to Sender. Insufficient Address. Unable to Forward."

2. That presents a major problem. A litigant in federal court is obliged to inform the Court and the defense of any change in address. If Plaintiff fails to keep the Court informed of a correct mailing address, this case may be dismissed under Local Rule 41-6, which states as follows:

> **If mail directed by the Clerk to a *pro se* plaintiff's address of record is returned undelivered by the Postal Service, and if, within fifteen days of the service date, such plaintiff fails to notify, in writing, the Court and opposing parties of his current address, the Court may dismiss the action with or without prejudice for want of prosecution.**

3. Based on the recent return of mail, the Court suspects that Plaintiff failed to properly update her address with the Court. Therefore, by <u>June 14, 2019</u>, Plaintiff will file a sworn notice with the Court indicating her current, accurate mailing address.

4. Failure to do so may lead the Court to conclude pursuant to Federal Rule of Civil Procedure 41 that Plaintiff has no interest in prosecuting this action further or is willing to abide by court orders, and that dismissal is appropriate under the Local Rule. <u>Applied Underwriters, Inc. v. Lichtenegger</u>, 913 F.3d 884 (9th Cir. 2019).

5. The Court further directs the Clerk to serve with this order a copy of the earlier screening order at Docket # 26.